UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Civil No.: 20-cv-80646-MARRA/MATTHEWMAN

MARIA ZUNIGA,

    Plaintiff,

vs.

BJ'S RESTAURANTS, INC.,
a foreign profit corporation,

    Defendant.
_____/

FILED BY KJZ D.C.

Jan 7, 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL [DE 21]

**THIS CAUSE** is before the Court upon Plaintiff, Maria Zuniga's Motion to Compel Better Responses to Plaintiff's Request for Production ("Motion") [DE 21]. The Motion was referred to the undersigned by the Honorable Kenneth A. Marra, United States District Judge. *See* DE 11. Defendant, BJ's Restaurants, Inc. ("Defendant") has filed a response [DE 25], and the parties have filed a Joint Notice [DE 27] as required. The Court held a hearing on the Motion via Zoom video teleconference on January 6, 2021, and took the Motion under advisement. This Order now follows.

This case involves allegations that on or about March 31, 2019, Plaintiff, a business invitee at Defendant's subject premises, was injured when she slipped and fell due to a clear liquid substance and grease that were on the floor at the subject premises. [DE 1]. Plaintiff alleges that Defendant had a duty to operate its business in a non-negligent manner, to avoid injury to all business invitees, and to warn Plaintiff of all dangerous conditions which it knew or should have

1

known existed on its property and which created an unreasonable risk of harm to Plaintiff. *Id.* According to the Complaint, Defendant negligently breached the above-mentioned duties in one or more respects. *Id.* The case was filed in state court and later removed to this Court. *Id.* Defendant denies the allegations.

At this point, the only remaining discovery dispute involves (1) Plaintiff's request for notice letters from attorneys or individuals provided to Defendant concerning slip and fall incidents at the subject restaurant for the three years preceding Plaintiff's incident and (2) any portions of demand letters provided to Defendant or its insurance company concerning slip and fall incidents at the subject restaurant for the three years preceding Plaintiff's incident that address liability theories only (and not medical conditions or injuries). Plaintiff argues that the discovery requested is relevant, and Defendant contends that it is not.

As an initial matter, as fleshed out at the hearing, the parties now agree that Fla. Stat. §768.0755 applies in this case.[1]  This is because the Court, sitting in diversity jurisdiction, applies the substantive law of the forum state, Florida. *See Mesa v. Clarendon Nat. Ins. Co.*, 799 F.3d 1353, 1358 (11th Cir. 2015); *Montanez v. Liberty Mut. Fire Ins. Co.*, No. 18-CIV-80788-RAR, 2019 WL 3302308, at *3 (S.D. Fla. July 23, 2019). The relevant portion of the statute states as follows:

> (1) If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:

---

[1] As the parties agree that this Florida statute applies, the cases cited by Plaintiff in her Motion are clearly distinguishable as they are cruise ship slip and fall cases in which federal admiralty law was applied.

>(a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
>(b) The condition occurred with regularity and was therefore foreseeable.

Fla. Stat. § 768.0755.

At the January 6, 2021 hearing on the Motion, counsel for Plaintiff represented that Plaintiff fell in front of the hallway leading to the restroom in the rear of Defendant's restaurant and that Plaintiff will testify at trial that there had been grease present on the floor in the same area of the restaurant on two prior occasions. The Court views Plaintiff's factual allegations in this case as falling somewhere on the spectrum between allegations that a transitory substance on the floor of the restaurant caused Plaintiff to fall and allegations that a regular, static condition at the restaurant caused Plaintiff to fall. Therefore, Fla. Stat. § 768.0755(b)(1), which discusses conditions that occurred with regularity, does apply to some degree to the pending discovery dispute.

In light of the wording of Fla. Stat. § 768.0755(b)(1), and in light of Federal Rule of Civil Procedure 26(b)(1), which permits discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, the Court does find that certain notice letters and the liability portions of certain demand letters related to slip and falls at the subject restaurant for the three years prior to Plaintiff's alleged incident are relevant and discoverable. Given the facts of this case, the only relevant and proportional documents, however, involve alleged slip and falls at the subject restaurant in the bathroom, in the hallway leading to the bathroom, or within the reasonable vicinity of the hallway leading to bathroom area. As to the area within the reasonable vicinity of the hallway leading to the bathroom area, the Court instructs

Defendant to liberally view such area when producing documents, and, if there is any doubt as to whether an alleged slip and fall is included within the parameters of this Court's Order, to either produce the document or raise the issue with the Court so the Court can decide. If there are no such responsive documents, Defendant shall so advise Plaintiff in a written discovery response. The remainder of the documents sought by Plaintiff are irrelevant and overbroad. Documents regarding all slip and falls on the entire business premises for a 3-year period are neither relevant nor proportional under Rule 26(b)(1); rather, production of documents, if any, regarding the area specified in this Order shall suffice. Moreover, the Court makes no finding as to whether any such documents or information are admissible as the issue of admissibility can be addressed, if necessary, at a later date.

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Motion to Compel Better Responses to Plaintiff's Request for Production [DE 21] is **GRANTED IN PART AND DENIED IN PART**.

2. On or before **January 14, 2021**, Defendant shall produce to Plaintiff notice letters and the liability portions of demand letters related to slip and falls which occurred in the bathroom, in the hallway leading to the bathroom, or within the reasonable vicinity of the hallway leading to bathroom area at the subject restaurant, as discussed above, for the three years prior to Plaintiff's alleged incident. If there are no such responsive documents, Defendant shall so advise Plaintiff in a written discovery response.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 7th day of January, 2021.

WILLIAM MATTHEWMAN
United States Magistrate Judge

5